IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>v.<br><br>SABRENA LYNN MORGAN,<br><br>                   Defendant. | Case No. 15-06004-02-CR-SJ-DGK |

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

**1. The Parties.** The parties to this agreement are the United States Attorney's Office for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by Thomas M. Larson, Acting United States Attorney, and Bruce Rhoades, Assistant United States Attorney, and the defendant, SABRENA LYNN MORGAN ("the defendant"), represented by David S. Bell.

The defendant understands and agrees that this plea agreement is only between her and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

**2. Defendant's Guilty Plea.** The defendant agrees to and hereby does plead guilty to **Counts Three, Five, and Seven** of the superseding indictment charging the defendant with violations of 18 U.S.C. § 924(c)(1)(A)(i), to wit: firearms and drug trafficking, 21 U.S.C. §§ 856 (a) and (b), to wit: maintaining drug premises, and 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, to wit: conspiracy to distribute more than five-hundred (500) grams of methamphetamine.

The Defendant also **admits the allegations of forfeiture**, which include a **money judgment** to be entered against the defendant, as contained in the superseding indictment.

By entering into this plea agreement, the defendant admits that she knowingly committed these offenses, and is in fact guilty of these offenses.

**3.** **Factual Basis for Guilty Plea.** The parties agree that the facts constituting the offenses to which the defendant is pleading guilty are as follows:

In 2010, the BCDSF and DEA initiated an investigation into a drug trafficking organization distributing methamphetamine in Northwest Missouri and Northeast Kansas. In July 2014, five members of the organization were indicted and in February 2015, another member was indicted. Based on interviews, proffers of the defendants, traffic stops, search warrants and investigative information from other law enforcement agencies, additional members of that same drug distribution conspiracy - other sources of supply and mid-level distributors - were identified as involved in the conspiracy that ran from 2010 to 2015.

Jose and Gabriel RUIZ and GREGORY BULLOCK, individually and acting separately, were the primary sources of supply for methamphetamine. The Ruiz brothers and Bullock obtained large amounts of methamphetamine, then sold and distributed it to Sabrena Morgan, Joshua Bowers, Taylor Syas, and Brittney Brehm, who in turn, sold and distributed the methamphetamine to E.E. Dothage, S. Schreier, Frankie Carter, Ryan Battagler, Jason Kirtley, Brian Bowers, Eugene Brammer, and Will Campbell. Those individuals then further sold and distributed the methamphetamine to Ronald Roberts, Paula Scott, Gary Brown, Rodney King, Jackie Love, Jason Davis, Anthony Stevenson, Jay Carder, and Darin Berry. The methamphetamine was distributed throughout Clay, Ray, Clinton and Buchanan Counties in Missouri.

During the dates of the conspiracy, MORGAN, during and in relation to and in furtherance of the drug trafficking conspiracy, was in actual or constructive possession of and carried firearms. These acts occurred within the Western District of Missouri and included some or all of the following firearms: a pink, pump-action shotgun recovered from MORGAN's residence after her arrest and various unrecovered firearms identified by numerous drug customers and charged and uncharged co-conspirators as in the possession of the defendant during the conspiracy period.

During the dates of the conspiracies, MORGAN, and others, maintained control of physical places within the Western District of Missouri for at least one purpose of storing, distributing and using methamphetamine.

In 2014, multiple witnesses gave statements about their knowledge of and involvement with MORGAN, and other conspirators, in obtaining and distributing methamphetamine. Those statements, and others obtained later, detail that MORGAN obtained large amounts of methamphetamine from the Ruiz brothers, and others, then distributed that methamphetamine to a

2

number of others, some of whom re-distributed it again. The money that MORGAN received from those she distributed to was then used to obtain additional methamphetamine for distribution. MORGAN's involvement in the conspiracy, with others, resulted in a methamphetamine responsibility for MORGAN in excess of five (5) kilograms of methamphetamine.

Additional evidence exists that may further implicate the defendant in this drug trafficking conspiracy. The defendant acknowledges that evidence was provided to defendant's attorney via discovery and the defendant has had an opportunity to review it with her attorney prior to signing this plea agreement and further acknowledges that evidence, and any additional evidence obtained prior to sentencing, may affect the ultimately determined drug responsibility level of the defendant.

Defendant acknowledges that while the information set out herein may not allege exact amounts of methamphetamine associated with her, she agrees that the amounts alleged herein, along with other statements and evidence in the case, total more than five-hundred (500) grams of methamphetamine for which she is responsible. The defendant further acknowledges the substances with which she was involved in obtaining and distributing were in fact methamphetamine, a Schedule II controlled substance. Finally, defendant acknowledges that acts committed in furtherance of this distribution conspiracy were committed within the Western District of Missouri, during the dates alleged in the indictment.

Defendant further acknowledges that all the proceeds from all the drugs sold in the conspiracy, any use of proceeds, or any items purchased with proceeds, utilized in the conspiracy, or obtained through operation of the conspiracy, are subject to forfeiture. Additionally, defendant admits, agrees, and accepts that the facts herein, the drug price calculations contained within the indictment (adopted herein by the parties), and the drug level for which the Court ultimately holds defendant responsible, are the basis for the money judgment to be imposed against defendant pursuant to her admission of the allegations of forfeiture and the money judgment contained within the indictment.

The parties have agreed to a drug level in this plea agreement of not less than a drug level 30. However, it is understood by the parties that the pre-sentence investigation or the Court at sentencing could assess a higher drug level of responsibility for the defendant based on the evidence in the case to date or that becomes known later. In the event a higher drug level is determined by the pre-sentence investigation or the Court at sentencing, the parties are free to express their respective positions about that higher drug level at sentencing.

Finally, defendant acknowledges the pre-sentence investigation and the Court at sentencing, in calculating her drug responsibility and applicable sentence range, may use either methamphetamine mixture and substance *or* methamphetamine actual.

**4. Use of Factual Admissions and Relevant Conduct.** The defendant acknowledges, understands and agrees that the admissions contained in Paragraph 3 and other portions of this plea agreement will be used for the purpose of determining defendant's guilt and advisory sentencing

3

range under the United States Sentencing Guidelines ("U.S.S.G."), including the calculation of the defendant's offense level in accordance with U.S.S.G. § 1B1.3(a)(2). The defendant acknowledges, understands and agrees that the conduct charged in any dismissed counts of the superseding indictment as well as all other uncharged related criminal activity may be considered as "relevant conduct" pursuant to U.S.S.G. § 1B1.3(a)(2) in calculating the offense level for the charges to which defendant is pleading guilty.

**5. Statutory Penalties.** The defendant understands that upon pleading guilty to **Count Three** of the superseding indictment charging the defendant with a violation of 18 U.S.C. § 924(c)(1)(A)(i), that is, possession and carry firearms in furtherance of and during and in relation to these drug trafficking conspiracies, the minimum penalty the Court may impose is not less than five (5) years imprisonment, *consecutive to any other sentence imposed*, while the maximum penalty the Court may impose is not more than life imprisonment, *consecutive to any other sentence imposed*, and not more than a $250,000.00 fine. In addition, that the Court shall impose not more than five (5) years of supervised release and that this offense is a Class A felony.

The defendant understands that upon pleading guilty to **Count Five** of the superseding indictment charging the defendant with a violation of 21 U.S.C. §§ 856(a) and (b), that is, maintaining premises for drug use and distribution, the maximum penalty the Court may impose is not more than twenty (20) years' imprisonment and not more than a $500,000.00 fine. In addition, that the Court shall impose not more than three (3) years of supervised release and that this offense is a Class C felony.

The defendant understands that upon pleading guilty to **Count Seven** of the superseding indictment charging the defendant with a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, that is, conspiracy to distribute five-hundred (500) grams or more of methamphetamine, the

minimum penalty the Court may impose is not less than ten (10) years imprisonment while the maximum penalty the Court may impose is not more than life imprisonment and not more than a $10,000,000.00 fine. In addition, that the Court shall impose not less than five (5) years of supervised release and that this offense is a Class A felony.

Additionally, the defendant understands that as part of the criminal forfeiture allegations admission, the Court will also enter a money judgment against the defendant, and any other defendants found liable for the forfeiture allegations, in an amount not to exceed $4,359,600.00. The amount of the defendant's money judgment is to be based upon the amount of the defendant's controlled substance responsibility ultimately determined by the Court at sentencing and the controlled substance value calculations contained within the superseding indictment.

The defendant understands that for each count of conviction the Court shall impose a $100 mandatory special assessment that must be paid in full *prior* to sentencing in this case. Failure to *timely* pay said assessment could result in the Government seeking a continuance of the sentencing until it is paid OR, in the alternative, the Government can consider the failure to timely pay it as a violation of this plea agreement and seek to have this agreement voided.

**6. Sentencing Procedures.** The defendant acknowledges, understands and agrees to the following:

    a. in determining the appropriate sentence, the Court will consult and consider the United States Sentencing Guidelines promulgated by the United States Sentencing Commission; these Guidelines, however, are advisory in nature, and the Court may impose a sentence either less than or greater than the defendant's applicable Guidelines range;

    b. the Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing;

    c. in addition to a sentence of imprisonment, the Court shall impose a term of supervised release of not less than five (5) years;

5

d. if the defendant violates a condition of supervised release, the Court may revoke that supervised release and impose an additional period of imprisonment without credit for time previously spent on supervised release. In addition to a new term of imprisonment, the Court also may impose a new period of supervised release;

e. the Court may impose any sentence authorized by law, including a sentence that is outside of, or departs from, the applicable Sentencing Guidelines range and the Court may impose sentences concurrently or consecutively;[1]

f. any sentence of imprisonment imposed by the Court will not allow for parole;

g. the Court is not bound by any recommendation regarding the sentence to be imposed or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Office;

h. the defendant may not withdraw this guilty plea solely because of the nature or length of the sentence imposed by the Court;

i. The defendant agrees that the United States may institute civil, judicial or administrative forfeiture proceedings against all forfeitable assets in which the defendant has an interest, and that defendant will not contest any such forfeiture proceedings;

j. The defendant agrees to forfeit all interests defendant owns or over which defendant exercises control, directly or indirectly, in any asset that is subject to forfeiture to the United States either directly or as a substitute for property that was subject to forfeiture but is no longer available for the reasons set forth in 21 U.S.C. § 853(p), including but not limited to the following specific property: *a money judgment in an amount to be based upon defendant's drug responsibility ultimately determined by the Court at sentencing and the drug value calculations contained within the superseding indictment, but not to exceed $4,359,600.00.* With respect to any asset which the defendant has agreed to forfeit, the defendant waives any constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the United States Constitution;

k. The defendant agrees to take all necessary steps to comply with the forfeiture matters set forth herein before sentencing.

---

[1] Count Three requires a consecutive sentence to any other sentence imposed.

**7. <u>Government's Agreements</u>.** Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this plea agreement, agrees not to bring any additional charges against defendant for any criminal offenses related to the charges defendant has pled to herein for which it has venue and which arose out of the defendant's conduct described above.

The defendant understands that the United States' agreement to forego prosecution of additional criminal offenses with which the defendant might be charged is based solely on the promises made by the defendant in this agreement and the limitations set out herein. If the defendant breaches this plea agreement, the United States retains the right to proceed with the original charges and any other applicable criminal violations. The defendant expressly waives any right to challenge the initiation of the dismissed or additional charges against defendant if defendant breaches this agreement. The defendant expressly waives any right to assert a statute of limitations defense if the dismissed or additional charges are initiated against defendant following a breach of this agreement. The defendant further understands and agrees that if the Government elects to file additional charges against defendant following breach of this plea agreement, defendant will not be allowed to withdraw this guilty plea.

The defendant further understands that nothing in this plea agreement prevents any prosecution for any act of violence or commission of a sex crime or an attempted violent or sex crime act or a conspiracy to commit any violent or sex crime act. This plea agreement also does not prevent prosecution of any criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge. The defendant understands and agrees that if the Government files charges against defendant pursuant to one of these exceptions, defendant will not be allowed to withdraw this guilty plea.

7

Case 5:15-cr-06004-DGK   Document 455   Filed 06/09/17   Page 7 of 16

**8. Preparation of Presentence Report.** The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include information concerning the background, character, and conduct of the defendant, including the entirety of defendant's criminal activities. The defendant understands these disclosures are not limited to the counts to which defendant has pleaded guilty.

The United States may respond to comments made or positions taken by the defendant, defendant's counsel or anyone on defendant's behalf and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

**9. Withdrawal of Plea.** Either party reserves the right to withdraw from this plea agreement for any or no reason at any time prior to the entry of the defendant's plea of guilty and its formal acceptance by the Court. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible. However, after the plea is formally accepted by the Court, the defendant may only withdraw these pleas of guilty if the Court rejects the plea agreement or if the defendant can show a fair and just reason for requesting the withdrawal. The defendant understands that if the Court accepts defendant's pleas of guilty and this plea agreement but subsequently imposes a sentence that is outside the defendant's applicable Sentencing Guidelines range, or imposes a sentence that the defendant does not expect, like or agree with, that will not permit defendant to withdraw these pleas of guilty.

10. **Agreed Guidelines Applications.** With respect to the application of the Sentencing Guidelines to this case, the parties stipulate and agree as follows:

    a. The Sentencing Guidelines do not bind the Court and are advisory in nature; the Court may impose a sentence that is within, above, or below the defendant's ultimately determined Guidelines range; the Court may impose any multiple sentences to be served concurrently or consecutively;

    b. The applicable Guidelines section for the offense of conviction is U.S.S.G. § 2D1.1, which provides for *not less than* a base offense level 30, but the parties reserve the right to address at sentencing the pre-sentence or Court determined drug level;

    c. While the parties recognize there might be specific aggravating or mitigating U.S.S.G. applications applicable to this defendant, the parties elect to address at the sentencing hearing any found by the pre-sentence report or Court and agree to be bound by the Court's determination following the sentencing hearing;

    d. The defendant appears to have admitted her guilt and accepted responsibility for her actions, and by timely notifying authorities of the intention to enter a plea of guilty has thereby permitted the Government to avoid preparing for trial and permitted the Government and the Court to allocate their resources efficiently. Therefore, the defendant appears entitled to a three-level reduction pursuant to § 3E1.1(b) of the Sentencing Guidelines and the Government, at the time of sentencing, will make a motion with the Court to that effect unless the defendant (1) fails to abide by all of the terms and conditions of this plea agreement and any pretrial release orders; or (2) attempts to withdraw this guilty plea; or (3) violates the law; or (4) otherwise engages in conduct inconsistent with an acceptance of responsibility;

    e. There is no agreement between the parties regarding the defendant's criminal history category. The parties agree that the Court will determine the applicable criminal history category after receipt of the presentence investigation report prepared by the United States Probation Office;

    f. The defendant understands that the estimate of the parties with respect to the Guidelines computation set forth in the subsections of this paragraph does <u>not</u> bind the Court or the United States Probation Office with respect to the appropriate Guidelines levels. Additionally, the failure of the Court to accept these stipulations will not, as outlined in Paragraph 9 of this plea agreement, provide the defendant with a basis to withdraw this plea of guilty;

    g. The United States agrees to request a sentence within the United States Sentencing Guidelines range established at the sentencing hearing and the defendant agrees to request a reasonable sentence based on any good faith

sentencing arguments the defendant cares to make that are not otherwise in conflict with agreements herein. The sentencing argument agreements by the parties are not binding upon the Court or the United States Probation Office and the Court may impose any sentence authorized by law, including a sentence outside the applicable Guidelines range or a consecutive sentence;

      h. The defendant consents to judicial fact-finding by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence, including the determination of any mandatory minimum sentence (including the facts that support any specific offense characteristic or other enhancement or adjustment), and any legally authorized increase above the normal statutory maximum. The defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed, and waives any right to have those facts alleged in the superseding indictment. The defendant also agrees that the Court, in finding the facts relevant to the imposition of sentence, may consider any reliable information, including hearsay; and,

      i. The defendant understands and agrees that the factual admissions contained in Paragraph 3 or other places within this plea agreement, and any admissions made during the defendant's plea colloquy, support the imposition of the agreed-upon Guidelines calculations contained in this agreement.

11. **Effect of Non-Agreement on Guidelines Applications.** The parties understand, acknowledge and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in Paragraph 10. As to any other Guidelines issues, the parties are free to advocate their respective positions at the sentencing hearing.

12. **Change in Guidelines Prior to Sentencing.** The defendant agrees that if any applicable provision of the Guidelines changes after the execution of this plea agreement, then any request by defendant to be sentenced pursuant to the new Guidelines will make this plea agreement voidable by the United States at its option. If the Government exercises its option to void the plea agreement, the United States may charge, reinstate, or otherwise pursue any and all criminal charges that could have been brought but for this plea agreement.

**13. <u>Government's Reservation of Rights</u>.** The defendant understands that the United States expressly reserves the right in this case to:

    a. oppose or take issue with any position advanced by defendant, or anyone on behalf of the defendant, at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

    b. comment on the evidence supporting the charges in the superseding indictment;

    c. oppose any arguments and requests for relief the defendant, or anyone on defendant's behalf, might advance on an authorized appeal from the sentences imposed and that the United States remains free on appeal or collateral proceedings to defend the legality and propriety of the sentence actually imposed, even if the Court chooses not to follow any recommendation made by the United States; and

    d. oppose any post-conviction motions for reduction of sentence, or other relief.

**14. <u>Waiver of Constitutional Rights</u>.** The defendant, by pleading guilty, acknowledges that defendant has been advised of, understands, and knowingly and voluntarily waives the following rights:

    a. the right to plead not guilty and to persist in a plea of not guilty;

    b. the right to be presumed innocent until defendant's guilt has been established beyond a reasonable doubt at trial;

    c. the right to a jury trial, and at that trial, the right to the effective assistance of counsel;

    d. the right to confront and cross-examine the witnesses who testify against the defendant;

    e. the right to compel or subpoena witnesses to appear on defendant's behalf; and

    f. the right to remain silent at trial, in which case that silence may not be used against defendant.

The defendant understands that by pleading guilty, she waives or gives up those rights and that there will be no trial. The defendant further understands that if she pleads guilty, the Court

may ask questions about the offense or offenses to which defendant pleaded guilty, and if the defendant answers those questions under oath and in the presence of counsel, those answers may later be used against defendant in a prosecution for perjury or making a false statement. The defendant also understands she has pleaded guilty to a felony offense and, as a result, will lose the right to possess a firearm or ammunition and might be deprived of other rights, such as the right to vote or register to vote, hold public office, or serve on a jury.

15. **Waiver of Appellate and Post-Conviction Rights**

    a. The defendant acknowledges, understands and agrees that by her *unconditional* plea of guilty pursuant to this plea agreement she waives the right to appeal or collaterally attack a finding of guilt *or* denial of a motion to withdraw her guilty pleas following the acceptance of her pleas of guilty pursuant to this plea agreement, except on grounds of (1) ineffective assistance of counsel; or (2) prosecutorial misconduct.

    b. The defendant expressly waives the right to appeal any sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" is a sentence imposed in excess of the statutory maximum. It is *not* a misapplication or miscalculation of the Sentencing Guidelines, an abuse of discretion, the imposition of an unreasonable sentence, or the imposition of a sentence different from that recommended by either party. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal the sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

16. **Financial Obligations.** By entering into this plea agreement, the defendant states an understanding of and agrees to the following financial obligations:

    a. The United States may use the Federal Debt Collection Procedures Act and any other remedies provided by law to enforce any restitution order that may be entered as part of the sentence in this case and to collect any fine or costs.

    b. The defendant will fully and truthfully disclose all assets and property in which defendant has any interest, or over which the defendant exercises control directly or indirectly, including assets and property held by a spouse, nominee or other third party. The defendant's disclosure obligations are ongoing, and are in

force from the execution of this agreement until the defendant has satisfied the restitution or fine or costs order in full.

  c. Within 10 days of the execution of this plea agreement, at the request of the USAO, the defendant agrees to execute and submit (1) a Tax Information Authorization form; (2) an Authorization to Release Information; (3) a completed financial disclosure statement; and (4) copies of financial information that the defendant submits to the U.S. Probation Office. The defendant understands that compliance with these requests will be taken into account when the United States makes a recommendation to the Court regarding the defendant's acceptance of responsibility.

  d. At the request of the USAO, the defendant agrees to undergo any polygraph examination the United States might choose to administer concerning the identification and recovery of substitute assets, restitution, fines, or costs.

  e. The defendant hereby authorizes the USAO to obtain a credit report pertaining to defendant to assist the USAO in evaluating the defendant's ability to satisfy any financial obligations imposed as part of the sentence.

  f. The defendant understands that a Special Assessment will be imposed as part of the sentence in this case. The defendant promises to pay the Special Assessment of **$300.00** by submitting a satisfactory form of payment to the Clerk of the Court prior to appearing for the sentencing proceeding in this case. The defendant agrees to provide the Clerk's receipt as evidence of fulfillment of this obligation at the time of sentencing.

  g. The defendant certifies that no transfer of assets or property has been made for the purpose of (1) evading financial obligations created by this Agreement; (2) evading obligations that may be imposed by the Court; nor (3) hindering efforts of the USAO to enforce such financial obligations. Moreover, the defendant promises that no such transfers will be made in the future.

  h. In the event the United States learns of any misrepresentation in the financial disclosure statement, or of any asset in which the defendant had an interest at the time of this plea agreement that is not disclosed in the financial disclosure statement, and in the event such misrepresentation or nondisclosure changes the estimated net worth of the defendant by ten thousand dollars ($10,000.00) or more, the United States may at its option: (1) choose to be relieved of its obligations under this plea agreement; or (2) let the plea agreement stand, collect the full forfeiture, restitution, and fines imposed by any criminal or civil judgment, and also collect 100% (one hundred percent) of the value of any previously undisclosed assets. The defendant agrees not to contest any collection of such assets. In the event the United States opts to be relieved of its obligations under this plea agreement, the defendant's previously entered pleas of guilty shall remain in effect and cannot be withdrawn.

**17. Waiver of FOIA Request.** The defendant waives any and all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

**18. Waiver of Claim for Attorney's Fees.** The defendant waives any and all claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

**19. Defendant Will Surrender to Custody at the Plea.** The defendant understands that the crime to which she is pleading in Count Seven of the superseding indictment is an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. Accordingly, pursuant to 18 U.S.C. § 3143(a)(2), the Court must detain the defendant after she pleads guilty to the offense. The defendant hereby agrees not to contest her detention immediately after the guilty plea, to surrender to the custody of the United States Marshals at that time, and to make no attempts to be released from custody pending sentencing or transfer to the Bureau of Prisons following sentencing.

**20. Defendant's Breach of Plea Agreement.** If the defendant commits any crimes, violates any conditions of release, or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or otherwise breaches this plea agreement, the United States will be released from its obligations under this agreement. The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw this plea of guilty.

The defendant also understands and agrees that in the event this plea agreement is violated, all statements made by the defendant to law enforcement agents subsequent to the execution of this plea agreement, any testimony given by defendant before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against defendant in any and all criminal proceedings. The defendant waives any and all rights under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that pertains to the admissibility of any statements made by defendant subsequent to this plea agreement.

21. **Defendant's Representations.** The defendant acknowledges that she has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel. The defendant acknowledges that she is satisfied with the assistance of counsel, and that counsel has fully advised her of her rights and obligations in connection with this plea agreement. The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, have been made by the United States, the Court, her attorney or any other party to induce her to enter this plea of guilty.

22. **No Undisclosed Terms.** The United States and defendant acknowledge and agree that the above-stated terms and conditions, together with any written supplemental agreement that might be presented to the Court in camera, constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement or any written supplemental agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

23. **Standard of Interpretation.** The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be

interpreted according to general contract principles and the words employed are to be given their normal and ordinary meanings. The parties further agree that, in interpreting this agreement, any drafting errors or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

**24. <u>Article III Waiver</u>.** The parties agree to conduct this guilty plea hearing before a magistrate judge, thereby waiving any and all rights they may have to conduct this guilty plea before an Article III judge.

Thomas M. Larson<br>
Acting United States Attorney

Dated: June 9, 2017           /s/Bradley K. Kavanaugh
Bradley K. Kavanaugh
Assistant United States Attorney

I have consulted with my attorney and fully understand all of my rights with respect to the offenses charged in the superseding indictment. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines and any statutory minimums. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this plea agreement and I voluntarily agree to it.

Dated: June 9, 2017           /s/Sabrena Lynn Morgan
SABRENA LYNN MORGAN
Defendant

I am the attorney for defendant SABRENA LYNN MORGAN. I have fully explained her rights with respect to the offenses charged in the superseding indictment. Further, I have reviewed with her the provisions of the Sentencing Guidelines and any statutory minimum sentences applicable in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, the decision by SABRENA LYNN MORGAN to enter into this plea agreement is an informed and voluntary one.

Dated: June 9, 2017           /s/David S. Bell
David S. Bell
Attorney for Defendant